07 JUL -9 PM 12:22

LAURA ... CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DEBRA A. WILTERMOOD and MICHAEL WILTERMOOD, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Civil Action No.: 2:07-cv-0170-RLY-WGH |
| DAVOL INC., a subsidiary of C.R. BARD, INC., | ) | |
| Defendants. | ) | |

## DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD, INC.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Davol Inc. ("Davol") and Defendant C.R. Bard, Inc. ("Bard"), with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby remove the above-captioned action from the Superior Court in and for Vigo County, Indiana, to this Court. In support of removal, Defendants state as follows:

### I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. Plaintiffs commenced this action with their Complaint filed in Sullivan County Superior Court on or about June 25, 2007, where it was assigned cause number 77D01-0706-CT-00212. Bard was served with the Complaint on July 2, 2007. Davol was served with the Complaint on or about July 3, 2007.

2. The Complaint was then transferred for venue to Vigo County Superior Court, where it was assigned cause number 84D01-0707-CT-6662.

3. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants (including Plaintiffs' Complaint) is attached hereto as Exhibit A.

4. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Superior Court in and for Vigo County, Indiana, where Plaintiffs' Complaint is pending. *See* 28 U.S.C. § 94(b)(2).

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Bard, through service, of Plaintiffs' Complaint, which sets forth the bases for removal.

6. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the clerk of the Superior Court in and for Vigo County, Indiana, where Plaintiffs' Complaint is pending. Copies of this Notice of Removal and the written notice of same provided to the state court are also being served upon Plaintiffs' counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

7. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiffs and Bard and Davol. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A. The Amount-In-Controversy Requirement Is Satisfied

8. Although Defendants deny Plaintiffs' claims, and although Plaintiffs' Complaint does not specify a precise amount in controversy, Defendants believe in good faith that more than $75,000 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a)

has been met. Plaintiffs' claims against Defendants sound in product liability and seek recovery for injuries allegedly caused by a defective medical device, a Composix® Kugel® hernia repair patch, that was manufactured and sold by Defendants and used in Plaintiff Debra A. Wiltermood's hernia repair. (*See* Compl. ¶¶ 3-5.) Plaintiffs allege that due to Ms. Wiltermood's use of the Composix® Kugel® Patch, Plaintiffs have sustained personal injuries, incurred medical expenses, and lost income. (*See id.* ¶ 7.) Plaintiffs allege that these injuries and damages will continue into the future. (*See id.*) Plaintiff Michael Wiltermood asserts a claim for loss of consortium. (*See id.* ¶¶ 18-21.)

9. The amount-in-controversy requirement is met here because Plaintiffs' Complaint makes it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Likewise, federal courts in analogous cases have held that the amount-in-controversy threshold is met because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001).

10. In addition, a number of other plaintiffs have brought similar product liability actions against Davol and Bard in federal court, thus specifically pleading an amount-in-controversy in excess of $75,000. *See, e.g., Cavazos v. C.R. Bard, Inc. and Davol Inc.*, No. 07-CV-1394 (S.D. Tex . filed Apr. 24, 2007) (Ex. B); *Montgomery v. Davol Inc. and C.R. Bard, Inc.*, No. 3:07-CV-176 (N.D. Fla. filed Apr. 20, 2007) (Ex. C); *see also In re Rezulin*, 133 F. Supp. 2d at 295-96 (looking to other suits involving the same product to resolve amount-in-controversy inquiry).

**B. The Parties Are Completely Diverse**

11. On information and belief, Plaintiffs are residents and citizens of Indiana. (*See* Compl. ¶ 1.)

12. Bard is, and has been at all relevant times, a corporation organized under the laws of New Jersey with its principal place of business in New Jersey. Accordingly, Bard is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

13. Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

WHEREFORE, Defendant Davol Inc. and Defendant C.R. Bard, Inc. respectfully remove this action from the Superior Court in and for Vigo County, Indiana, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

Respectfully submitted,

Dated: July 9, 2007

Kathleen A. DeLaney (#18604-49)
DELANEY & DELANEY LLC
3640 N. Washington Blvd.
Indianapolis, IN 46205
Tel: 317-920-0400 (Main)
Tel: 317-920-0500 (Direct)
Fax: 317-920-0404
kathleen@delaneylaw.net

*ATTORNEY FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 9th day of July, 2007, a true and correct copy of the foregoing Notice of Removal has been served upon counsel of record by United States mail, postage prepaid.

Larry J. Wagner
WAGNER, CRAWFORD AND GAMBILL
416 South Sixth Street
P.O. Box #1897
Terre Haute, IN 47808-1897
(812) 238-1408
(812) 238-1127 (fax)

BY: Kathleen A. DeLaney
Kathleen A. DeLaney

DELANEY & DELANEY LLC
3640 N. Washington Blvd.
Indianapolis, IN 46205
Tel: 317-920-0400
Fax: 317-920-0404