STATE OF INDIANA
~~VIGO~~ SUPERIOR COURT
2007 TERM

FILED
IN SUPERIOR COURT
JUN 25 2007
Clerk, Sullivan Superior Court

DEBRA A. WILTERMOOD and
MICHAEL WILTERMOOD
Plaintiffs

v. CAUSE NO: ~~84~~ 77D0 1 -0706-CT-00212

DAVOL, INC., a subsidiary of
C. R. BARD, INC.
Defendants

## COMPLAINT

### COUNT I

Comes now the Plaintiff, Debra A. Wiltermood, by and through her attorney, Larry J. Wagner, and for Count I of her Complaint against the Defendants, Davol, Inc., a subsidiary of C. R. Bard, Inc., and each of them, alleges and says:

1. That Plaintiff, Debra A. Wiltermood, is a resident of the State of Indiana and the hereinafter described occurrence took place in Vigo County, Indiana.

2. That the Defendants, Davol, Inc., a subsidiary of C. R. Bard, Inc., are corporations having their place of incorporation and principal places of business in states other than Indiana.

3. That on or about July 1, 2005 Plaintiff underwent a surgical repair of incarcerated ventral incisional hernia, at Union Hospital, located in the City of Terre Haute, Indiana.

4. That the incarcerated ventral incisional hernia was repaired with a Composix mesh patch, which was designed, manufactured, distributed, sold and placed in the stream of commerce by the Defendants and each of them.

5. That the Composix mesh patch used to repair Plaintiff's incarcerated ventral incisional hernia was defective and unreasonably dangerous to users, including the Plaintiff Debra A. Wiltermood.

6. That on December 22, 2005 the Defendant initiated a recall of certain Composix mesh patches, which recall was updated on January 24, 2007 and included the Composix mesh patch which was used to repair the incarcerated ventral incisional hernia of the Plaintiff Debra A. Wiltermood.

7. That as a proximate result of the defective and unreasonably dangerous condition of the Composix mesh patch, the Plaintiff, Debra A. Wiltermood, sustained injuries both temporary and permanent, has incurred and may incur in the future medical expenses, has incurred and may incur in the future hospital expenses, has incurred and may incur in the future loss of income, and has sustained and will sustain in the future pain and suffering of the body and mind.

8. That the Defendants and each of them are liable to the Plaintiff under the theory of products or strict liability for the injuries to Plaintiff.

WHEREFORE, Plaintiff, Debra A. Wiltermood, prays for a judgment against the Defendants and each of them in an amount which will fairly and adequately compensate her for the injuries and damages as set forth herein, for the costs of this action and for all other just and proper relief in the premises.

Respectfully submitted,

WAGNER, CRAWFORD AND GAMBILL
416 South Sixth Street
P.O. Box #1897
Terre Haute, IN 47808-1897
(812)-238-1408
Fax: (812)-238-1127

By: ______________________
Larry J. Wagner
Attorney No. 1082-84

**COUNT II**

Comes now the Plaintiff, Debra A. Wiltermood, by and through her attorney, Larry J. Wagner, and for Count II of her claim against the Defendants, Davol, Inc., a subsidiary of C. R. Bard, Inc., and each of them, alleges and says:

1-8. That Plaintiff adopts and incorporates by reference herein as rhetorical paragraphs 1-8 of Count II of her Complaint, each and every allegation as contained in rhetorical paragraphs 1-8, inclusive, of Count I of said Complaint.

9. That the occurrence set forth above and the injuries and damages to Plaintiff, Debra A. Wiltermood, were proximately caused by the negligence of the Defendants, and each of them, with respect to the design, manufacture, distribution and sale of the Composix mesh patch, and the negligent failure of the Defendants and each of them to warn with respect to the dangerous propensities of said mesh patch.

10. That as a proximate result of the negligence of the Defendants and each of them, the Plaintiff, Debra A. Wiltermood, sustained injuries both temporary and permanent, has incurred and may incur in the future medical expenses, has incurred and may incur in the future hospital expenses, has incurred and may incur in the future loss of income and has sustained and will sustain in the future pain and suffering of the body and mind.

11. That the Defendants and each of them are liable to the Plaintiff under the theory of negligence for the injuries to Plaintiff.

WHEREFORE, Plaintiff, Debra A. Wiltermood, prays for a judgment against the Defendants and each of them in an amount which will fairly and adequately compensate her for the injuries and damages as set forth herein, for the costs of this action and for all other just and proper relief in the premises.

Respectfully submitted,

WAGNER, CRAWFORD AND GAMBILL
416 South Sixth Street
P.O. Box #1897
Terre Haute, IN 47808-1897
(812)-238-1408
Fax: (812)-238-1127

By: ______________________
Larry J. Wagner
Attorney No. 1082-84

## COUNT III

Comes now the Plaintiff, Debra A. Wiltermood, by and through her attorney, Larry J. Wagner, and for Count III of her claim against the Defendants, Davol, Inc., a subsidiary of C. R. Bard, Inc., and each of them, alleges and says:

1-11. That Plaintiff adopts and incorporates by reference herein as rhetorical paragraphs 1-11 of Count III of her Complaint, each and every allegation as contained in rhetorical paragraphs 1-11, inclusive, of Count I and Count II of said Complaint.

12. That the Defendants and each of them impliedly warranted that said Composix mesh patch was merchantable, was fit for use, and fit for the particular purpose for which it was intended.

13. That the Defendants and each of them have breached said implied warranty of merchantability and fitness and as a proximate result of said breach, the Plaintiff, Debra A. Wiltermood, sustained injuries both temporary and permanent, has incurred and may incur in the future medical expenses, has incurred and may incur in the future hospital expenses, has incurred and may incur in the future loss of income, and has sustained and will sustain in the future, pain and suffering of the body and mind.

14. That the Defendants and each of them are liable to the Plaintiff under the theory of breach of implied warranty for the injuries to Plaintiff.

WHEREFORE, Plaintiff, Debra A. Wiltermood, prays for a judgment against the Defendants and each of them in an amount which will fairly and adequately compensate her for the injuries and damages as set forth herein, for the costs of action and for all other just and proper relief in the premises.

Respectfully submitted,

WAGNER, CRAWFORD AND GAMBILL
416 South Sixth Street
P.O. Box #1897
Terre Haute, IN 47808-1897
(812)-238-1408
Fax: (812)-238-1127

By: ______________________
Larry J. Wagner
Attorney No. 1082-84

**COUNT IV**

Comes now the Plaintiff, Debra A. Wiltermood, by and through her attorney, Larry J. Wagner, and for Count IV of her claim against the Defendants, Davol, Inc., a subsidiary of C. R. Bard, Inc., and each of them, alleges and says:

1-14. That Plaintiff adopts and incorporates by reference herein as rhetorical paragraphs 1-14 of Count IV of her Complaint, each and every allegation as contained in rhetorical paragraphs 1-14, inclusive, of Count I, Count II and Count III of said Complaint.

15. That the Defendants and each of them expressly warranted that said Composix mesh patch was merchantable and was fit for use.

16. That the Defendants and each of them have breached said expressed warranty of merchantability and as a proximate result of said breach, the Plaintiff, Debra A. Wiltermood, sustained injuries both temporary and permanent, has incurred and may incur in the future medical expenses, has incurred and may incur in the future hospital expenses, has incurred and may incur in the future loss of income, and has sustained and will sustain in the future, pain and suffering of the body and mind.

17. That the Defendants and each of them are liable to the Plaintiff under the theory of breach of express warranty for the injuries to Plaintiff.

WHEREFORE, Plaintiff, Debra A. Wiltermood, prays for a judgment against the Defendants and each of them in an amount which will fairly and adequately compensate her for the injuries and damages as set forth herein, for the costs of this action and for all other just and proper relief in the premises.

Respectfully submitted,

WAGNER, CRAWFORD AND GAMBILL
416 South Sixth Street
P.O. Box #1897
Terre Haute, IN 47808-1897
(812)-238-1408
Fax: (812)-238-1127

By: ____________________
Larry J. Wagner
Attorney No. 1082-84

**COUNT V**

Comes now the Plaintiff, Michael Wiltermood, by and through his attorney, Larry J. Wagner, and for Count V of his claim against the Defendants, Davol, Inc., a subsidiary of C. R. Bard, Inc., and each of them, alleges and says:

1-17. That Plaintiff adopts and incorporates by reference herein as rhetorical paragraphs 1-17 of Count V of his Complaint, each and every allegation as contained in rhetorical paragraphs 1-17, inclusive, of Count I, Count II, Count III and Count IV of said Complaint.

18. That as a proximate result of the defective and unreasonably dangerous condition of the Composix mesh patch used to repair Plaintiff Debra A. Wiltermood's incarcerated ventral incisional hernia, Plaintiff Michael Wiltermood has been deprived of the services of his wife, Debra A. Wiltermood, and has had a loss of consortium with said wife.

WHEREFORE, Plaintiff, Michael Wiltermood, prays for a judgment against the Defendants and each of them in an amount which will fairly and adequately compensate him for his damages as set forth herein, for the costs of this action and for all other just and proper relief in the premises.

Respectfully submitted,

WAGNER, CRAWFORD AND GAMBILL
416 South Sixth Street
P.O. Box #1897
Terre Haute, IN 47808-1897
(812)-238-1408
Fax: (812)-238-1127

By: ______________________
Larry J. Wagner
Attorney No. 1082-84

**COUNT VI**

Comes now the Plaintiff, Michael Wiltermood, by and through his attorney, Larry J. Wagner, and for Count VI of his claim against the Defendants, Davol, Inc., a subsidiary of C. R. Bard, Inc., and each of them, alleges and says:

1-18. That Plaintiff adopts and incorporates by reference herein as rhetorical paragraphs 1-18 of Count VI of his Complaint, each and every allegation as contained in rhetorical paragraphs 1-18, inclusive, of Count I, Count II, Count III, Count IV and Count V of said Complaint.

19. That as a proximate result of the negligence of the Defendants Davol, Inc., a subsidiary of C. R. Bard, Inc., Plaintiff Michael Wiltermood has been deprived of the services of his wife, Debra A. Wiltermood, and has had a loss of consortium with said wife.

WHEREFORE, Plaintiff, Michael Wiltermood, prays for a judgment against the Defendants and each of them in an amount which will fairly and adequately compensate him for his damages as set forth herein, for the costs of this action and for all other just and proper relief in the premises.

Respectfully submitted,

WAGNER, CRAWFORD AND GAMBILL
416 South Sixth Street
P.O. Box #1897
Terre Haute, IN 47808-1897
(812)-238-1408
Fax: (812)-238-1127

By: ______________________
Larry J. Wagner
Attorney No. 1082-84

**COUNT VII**

Comes now the Plaintiff, Michael Wiltermood, by and through his attorney, Larry J. Wagner, and for Count VII of his claim against the Defendants, Davol, Inc., a subsidiary of C. R. Bard, Inc., and each of them, alleges and says:

1-19. That Plaintiff adopts and incorporates by reference herein as rhetorical paragraphs 1-19 of Count VII of his Complaint, each and every allegation as contained in rhetorical paragraphs 1-19, inclusive, of Count I, Count II, Count III, Count IV, Count V and Count VI of said Complaint.

20. That as a proximate result of the breach of implied warranty of merchantability of the Defendants Davol, Inc., a subsidiary of C. R. Bard, Inc., Plaintiff Michael Wiltermood has been deprived of the services of his wife, Debra A. Wiltermood, and has had a loss of consortium with said wife.

WHEREFORE, Plaintiff, Michael Wiltermood, prays for a judgment against the Defendants and each of them in an amount which will fairly and adequately compensate him for his damages as set forth herein, for the costs of this action and for all other just and proper relief in the premises.

Respectfully submitted,

WAGNER, CRAWFORD AND GAMBILL
416 South Sixth Street
P.O. Box #1897
Terre Haute, IN 47808-1897
(812)-238-1408
Fax: (812)-238-1127

By: ______________________
Larry J. Wagner
Attorney No. 1082-84

## COUNT VIII

Comes now the Plaintiff, Michael Wiltermood, by and through his attorney, Larry J. Wagner, and for Count VIII of his claim against the Defendants, Davol, Inc., a subsidiary of C. R. Bard, Inc., and each of them, alleges and says:

1-20. That Plaintiff adopts and incorporates by reference herein as rhetorical paragraphs 1-20 of Count VIII of his Complaint, each and every allegation as contained in rhetorical paragraphs 1-20, inclusive, of Count I, Count II, Count III, Count IV, Count V, Count VI and Count VII of aid Complaint.

21. That as a proximate result of the breach of expressed warranty of merchantability of the Defendants Davol, Inc., a subsidiary of C. R. Bard, Inc., Plaintiff Michael Wiltermood has been deprived of the services of his wife, Debra A. Wiltermood, and has had a loss of consortium with said wife.

WHEREFORE, Plaintiff, Michael Wiltermood, prays for a judgment against the Defendants and each of them in an amount which will fairly and adequately compensate him for his damages as set forth herein, for the costs of this action and for all other just and proper relief in the premises.

Respectfully submitted,

WAGNER, CRAWFORD AND GAMBILL
416 South Sixth Street
P.O. Box #1897
Terre Haute, IN 47808-1897
(812)-238-1408
Fax: (812)-238-1127

By: ______________________
Larry J. Wagner
Attorney No. 1082-84

**REQUEST FOR JURY TRIAL**

Comes now the Plaintiff, Debra A. Wiltermood, and respectfully requests trial by jury of the above and foregoing cause of action.

By ______________________
Larry J. Wagner

STATE OF INDIANA
~~VIGO~~ SUPERIOR COURT
2007 TERM

FILED
IN SUPERIOR COURT
JUN 25 2007
Clerk, Sullivan Superior Court

DEBRA A. WILTERMOOD and
MICHAEL WILTERMOOD
Plaintiffs

84D01 0707 CT-662

v.

CAUSE NO: 84D01-0706-CT-

DAVOL, INC., a subsidiary of
C. R. BARD, INC.
Defendants

**APPEARANCE FORM (CIVIL)**

**Party Classification: Initiating __X__ Responding ___ Intervening ___**

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):

Plaintiffs, Debra A. Wiltermood and Michael Wiltermood

2. Applicable attorney information for service is required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:


Name: **Larry J. Wagner**
**Atty Number 1082-84**

Address: 416 South Sixth Street, P.O. Box #1897
Terre Haute, IN 47808-1897
Phone: (812)-238-1408
Fax: (812)-238-1127


*(List on continuation page the additional attorneys appearing for above party member[s])*

3. There are other party members: Yes _______ No __X______ (*If yes, list on continuation page)*

4. (*If first initiating party filing this case,* the Clerk is requested to assign this case the following Case Type Under Administrative Rule (8)(b)(3): _____CT_

5. I will accept service by FAX at the above noted number: Yes _X__ No _____

6. This case involves support issues Yes ______ No _X__ (*If yes, supply social security numbers for all family members on continuation page).*

7. There are related cases: Yes ______ No ___X___ (*If yes, list on continuation page)*

______________________________
LARRY J. WAGNER
#1082-84

WAGNER, CRAWFORD AND GAMBILL
416 South Sixth Street
P.O. Box #1897
Terre Haute, IN 47808-1897
(812)-238-1408
FAX: (812)-238-1127

STATE OF INDIANA
~~VIGO~~ SUPERIOR COURT
2007 TERM

FILED
IN SUPERIOR COURT
JUN 25 2007
Clerk, Sullivan Superior Court

DEBRA A. WILTERMOOD and
MICHAEL WILTERMOOD
Plaintiffs

v.

CAUSE NO: ~~84~~ 77D01-0706-CT-00212

DAVOL, INC., a subsidiary of
C. R. BARD, INC.
Defendants

Defendant's Address:
**C. R. Bard, Inc.**
**c/o Jean F. Miller**
**730 Central Avenue**
**Murray Hill, NJ 07974**

## SUMMONS

TO THE ABOVE NAMED DEFENDANT OR DEFENDANTS:
You have been sued by the person(s) named "Plaintiff" in the Court stated above. The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the demand which the Plaintiff has made against you. You must answer the Complaint in writing, by you or your attorney, within twenty (20) days, commencing the day after you receive this Summons (you have twenty-three (23) days to answer if this summons was received by mail), or judgment will be entered against you for what the Plaintiff has demanded. If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

The following manner of service of summons is hereby designated:
__________ By Certified Mail, Return Receipt Requested __________

If not so designated, the Clerk shall cause service to be made by mail.

Date: June 25, 2007
Larry J. Wagner
Attorney for Plaintiff
416 South Sixth St., P.O. Box #1897
Terre Haute, IN 47808-1897
Phone (812)-238-1408

Shelly Hiatt Fallis Clerk
JC.
Deputy

SULLIVAN COUNTY CLERK
PO BOX 370
SULLIVAN, IN 47882-0370

RECEIVED
JUL - 2 2007
C.R. BARD, INC.
LAW DEPT.

First Class Parcel
DMM 503 9.2.2

D107CT00212

**ELECTRONIC SCAN REQUIRED**

FCM

USPS FIRST-CLASS MAIL©

SULLIVAN COUNTY CLERK
PO BOX 370
SULLIVAN, IN 47882-0370

SHIP TO: C.R. BARD, INC.
C/O JEAN F. MILLER
730 CENTRAL AVE
NEW PROVIDENCE, NJ 07974-1199

e/ USPS SIGNATURE CONFIRM

9121 8052 1390 7126 2036 44

Electronic Rate Approved #805213907

Attention Carrier
on Route #C008

This piece is being
monitored for Delivery
and Scanning accuracy.

Non-Machinable
Parcel

**Attention:** The styrofoam cube enclosed in this envelope is being included by the sender to meet a United States Postal Service regulation. Log onto www.confirmdelivery.com for more information.

## CERTIFICATE OF MAILING

I hereby certify that on the ______ day of ________________, 200 ____, I mailed a copy of this summons and a copy of the Complaint to the Defendant, ______________________________ by ______________________________ mail, requesting a return receipt, at the address furnished by the Plaintiff.

Dated__________________, 200____ ____________________Clerk

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint mailed to Defendant, ____________________________________, was accepted by or on behalf of the Defendant on the _______ day of ___________________, 200___.

I hereby certify that the envelope containing the Summons and a copy of the Complaint was returned to me showing that the same was not accepted by the addressee on the _____ day of ________________, 200_____.

________________________________Clerk

## ACKNOWLEDGMENT OF SERVICE

I hereby acknowledge receipt of a copy of the Summons and a copy of the Complaint in the above-entitled cause at ____________________ on the _____ day of __________________, 200____.

I hereby certify that the envelope containing the summons and a copy of the Complaint was returned to me showing that the same was not accepted by the addressee on the ____ day of ______, 200__.

## RETURN ON SERVICE OF SUMMONS BY SHERIFF

I hereby certify that I have served the within summons:

(1) By delivering a copy of the Summons and a copy of the Complaint to the Defendant, ____________________________________, on the _____ day of ________________, 200__.

(2) By leaving a copy of the Summons and a copy of the Complaint at __________________ on the _______ day of ______________________, 200____, the dwelling house or usual place of abode of the Defendant ______________________________ and by mailing a copy of the Summons to the Defendant ______________________ by first class mail to ______________________________, the last known address of the Defendant.

Sheriff's Fees:______________________ ______________________

Additional:________________________ Sheriff of Vigo County, Indiana

By:__________________________